**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

AMERICAN GENERAL LIFE INSURANCE COMPANY,

       Plaintiff,

vs.

                                        CAUSE NO.:
                                        1:08-cv-01747-SEB-JMS

GERMAINE TOMLINSON INSURANCE TRUST, DATED JANUARY 23, 2006, by and through its Trustees; J. B. CARLSON, as Trustee of the Germaine Tomlinson Insurance Trust, dated January 23, 2006; THE CARLSON MEDIA GROUP, as beneficial owner of the Germaine Tomlinson Insurance Trust, dated January 23, 2006; and GEOFFREY A. VANDERPAL,

       Defendants.

**CROSS-CLAIM OF THE ESTATE OF GERMAINE TOMLINSON**
**AND TOMISUE HILBERT**

The Estate of Germaine "Suzy" Tomlinson (the "Estate") and Tomisue Hilbert ("Mrs. Hilbert") (collectively the "Tomlinson Defendants"), by counsel, for their Cross-Claim against Defendants the Germaine Tomlinson Insurance Trust, dated January 23, 2006 (the "Tomlinson Trust"), by its Trustee J.B. Carlson, and the Carlson Media Group (collectively "the Carlson Defendants"), and Geoffrey A. Vanderpal, state as follows:

**Jurisdiction, Venue and Parties**

1.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

2.    Venue in this judicial district is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district in the County of Marion.

3.      The Estate was opened to probate in the Marion Probate Court on June 11, 2009, as Case No. 49D08-0906-ES027265, and operates under the laws of Indiana.

4.      Mrs. Hilbert is a resident of Hamilton County, Indiana, is the daughter of the Insured, Mrs. Tomlinson, and has been named as the Personal Representative of the Estate.  As the Personal Representative of the Estate, Mrs. Hilbert has full power to represent the Estate in this Court for the recovery of any property of the Estate, including as provided for in Indiana Code §§ 29-1-13-3, 29-1-13-10.

5.      Mrs. Hilbert has a fiduciary duty to administer and act in the best interests of the Estate.  Such fiduciary obligations include the duty to investigate and marshal all assets of the Estate, and hold, manage, safeguard and control the Estate's real and personal property, including as provided for in Indiana Code §§ 29-1-7.5-3, 29-1-13-1.

6.      American General is an insurance company organized under the laws of the State of Texas with its principal place of business in Houston, Texas.

7.      The Carlson Media Group is a corporation organized under the laws of the State of Delaware with its principle place of business in Indianapolis, Indiana.

8.      Michele C. Harra is a Financial Services Officer of the Wilmington Trust Company and a Trustee of the Tomlinson Trust.

9.      Jason C. Bolf is an individual residing in Hamilton County, Indiana,  and is now known as J.B. Carlson.

10.      J.B. Carlson is a Financial Services Officer of the Wilmington Trust Company and a  Trustee of the Tomlinson Trust.

11.     Geoffrey A. Vanderpal is an individual, residing in Nevada, and at times relevant to this action was an independent broker authorized to procure and submit applications for life insurance policies to American General.

12.     The Tomlinson Trust is a Delaware statutory trust created under a Trust Agreement dated January 23, 2006, as amended, with its situs located in Newark, Delaware.

**The Life Insurance Policy**

13.     American General filed its declaratory judgment action with this Court on or about December 31, 2008 (Dkt. 1), and filed an Amended Complaint for Declaratory Relief and Disgorgement on April 1, 2009 (Dkt. 12).

14.     The Plaintiff's Amended Complaint For Declaratory Relief And Disgorgement (Dkt. 12) alleges that a certain life insurance policy, identified as policy No. UM0036206L (the "Policy"), was issued by it in January 2006, insuring the life of Mrs. Tomlinson in the face amount of $15.0 million, but should be declared void or invalid (or alternatively void ab initio as having never been in effect) and that American General should not be required to pay any amounts under the Policy, should be entitled to retain all premiums paid for policy, and should recover certain amounts from Vanderpal in connection with commissions paid in connection with the Policy.

15.     A true and accurate copy of the Policy is attached as Exhibit 1.

16.     The Policy is an Indiana insurance policy governed by Indiana law.  *See* Exhibit 1, Policy, page 3.

17.     The Defendants have denied the material allegations made by American General in its Complaint and Amended Complaint.  The Defendants have alleged that the Policy is not void or void ab initio and should be paid according to its terms.

18.     Upon information and belief, all required premiums due under the Policy were paid prior to the death of Mrs. Tomlinson.

19.     The Policy may not be contested by American General after it has been in force during the insured's lifetime for two years as provided for in the Policy at page 15, General Provisions (Exhibit 1, p. 15).

20.     The Policy was in effect for more than two years during the life of the insured, Mrs. Tomlinson.

21.     Mrs. Tomlinson died on or about September 29, 2008.

22.     American General did not contest the Policy until after January 27, 2008.

23.     Upon information and belief, the Policy was obtained by or for Mrs. Tomlinson as a part of her estate planning.

24.     Upon information and belief, Vanderpal, and others, participated in preparing and submitting an application for the Policy.

25.     Certain records or documents submitted to or obtained by American General in connection with the application for the Policy refer to Mrs. Tomlinson's intent to obtain the Policy for estate planning and further reference Mrs. Tomlinson's children or natural heirs.

26.     Any person who participated in preparing the application for the Policy or submitting papers or records in connection with the application for the Policy should be estopped from denying that the Policy was sought for estate planning purposes for Mrs. Tomlinson and her Estate, to benefit Mrs. Tomlinson's natural heirs, and not to benefit any other party.

27.     Upon information and belief, Vanderpal and others prepared or submitted the papers to American General in connection with the Policy naming the Germaine Tomlinson Insurance Trust (the "Trust") as the sole beneficiary of the Policy.

28.     A true and accurate copy of the Trust is attached as Exhibit 2.

29.     Upon information and belief, Mrs. Tomlinson did not consent to naming the Trust as the sole beneficiary of the Policy.

30.     Mrs. Tomlinson's heirs were at all relevant times the intended beneficiaries of the Policy.

31.     Mrs. Tomlinson's Estate and her heirs are entitled to receive the Policy's death benefits and any proceeds from the Policy.

32.     The Policy and any benefits or proceeds payable from it are assets of the Estate.

33.     Mrs. Tomlinson died intestate and any benefits from or proceeds of the Policy should be paid to the Estate and should be distributed pursuant to the Indiana laws for intestate succession.

34.     To the extent that the Policy is determined not to be void or void ab initio and any benefits or proceeds are to be paid under the Policy, the Policy should be deemed to be an asset of the Estate and the Tomlinson Defendants have a claim to the Policy superior to that of any other defendant.

**The Tomlinson Trust**

35.     After Mrs. Tomlinson's death in September 2008, on about December 4, 2008, the Wilmington Trust Company (as Trustee for the Tomlinson Trust) filed a claim for benefits under the Policy.

36.     Upon information and belief, the Tomlinson Trust was created by or for Mrs. Tomlinson as a part of her estate planning.

37.     Upon information and belief, the Tomlinson Trust was created by or for Mrs. Tomlinson to benefit her and members of her family, including her natural heirs, her children.

38.     American General alleged in the Amended Complaint (¶ 28) that the Tomlinson Trust was created "solely for the benefit of the Insured and her family."

39.     Mrs. Tomlinson's Estate and her heirs are entitled to receive any assets, benefits or proceeds from the Tomlinson Trust.

40.     Mrs. Tomlinson's heirs were at all relevant times the intended beneficiaries of the Tomlinson Trust.

41.     Mrs. Tomlinson died intestate and any benefits from or proceeds of the Tomlinson Trust should be paid to the Estate and should be distributed pursuant to the Indiana laws for intestate succession.

### Mrs. Tomlinson's Employment by and Interest in Carlson Media Group

42.     Upon information and belief, in or about 2002, Mrs. Tomlinson acquired stock or an equity or ownership interest in the Carlson Media Group.

43.     Upon information and belief, Mrs. Tomlinson was employed by the Carlson Media Group.

44.     The Estate is legally entitled to receive an accounting of Mrs. Tomlinson's participation in and ownership of any interest in the Carlson Media Group, including a full accounting of any property belonging to or amounts due to Mrs. Tomlinson.

45.     Any amount due from the Carlson Media Group to Mrs. Tomlinson is an asset of the Estate.

46.     Any interest of Mrs. Tomlinson in the Carlson Media Group is an asset of the Estate.

47.     Mrs. Tomlinson died intestate, and any property of or amount due to Mrs. Tomlinson from the Carlson Media Group, whether in the form of compensation, stock, an equity or ownership interest, or otherwise, and all proceeds therefrom, should be paid to the Estate and should be distributed pursuant the Indiana laws for intestate succession.

48.     Any person who participated in preparing the application for the Policy or submitting papers or records in connection with the application for the Policy that purport to show that Mrs. Tomlinson was employed by the Carlson Media Group or had an interest in the Carlson Media Group should be estopped from denying those statements.

WHEREFORE, the Tomlinson Defendants request the Court grant judgment for them and against all other parties on this cross-claim as follows:

(a) Declaring that the Tomlinson Trust and any benefits or proceeds therefrom are assets of the Estate and should be distributed pursuant the Indiana laws for intestate succession;

(b) Declaring that the Policy is not contestable by American General and should be paid according to its terms to the Estate;

(c) Declaring that the Policy and any benefits or proceeds therefrom are assets of the Estate and should be distributed pursuant the Indiana laws for intestate succession;

(d)  Requiring that the Carlson Media Group account to the Estate for any and all amounts due and owing to Mrs. Tomlinson and for any and all interest of Mrs. Tomlinson in the Carlson Media Group;

(e) Declaring that any amounts due from the Carlson Media Group to Mrs. Tomlinson are assets of the Estate and should be distributed pursuant the Indiana laws for intestate succession;

(f) Declaring that any interest of Mrs. Tomlinson in the Carlson Media Group or proceeds therefrom are assets of the Estate and should be distributed pursuant the Indiana laws for intestate succession; and

(g) Granting the Tomlinson Defendants all other just and reasonable relief.

Respectfully submitted,

/s/Judy L. Woods
Judy L. Woods (Atty. No. 11705-49)
Curtis T.  Jones (Atty. No. 24967-64)

Attorneys for The Estate of Germaine "Suzy" Tomlinson and Tomisue Hilbert

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000
(317) 684-5173 fax
jwoods@boselaw.com
cjones@boselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2009, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*Counsel for Plaintiff/Counter Defendant, American General Life Insurance Company:*

Todd J. Kaiser
todd.kaiser@odnss.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
111 Monument Circle, Suite 4600
Indianapolis, IN  46204

David P. Donahue
ddonahue@maynardcooper.com
Michael D. Mulvaney
mmulvaney@maynardcooper.com
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL  35203

*Counsel for Defendants/Counter Claimants, Germaine Tomlinson Insurance Trust Dated January 23, 2005; J.B. Carlson , Trustee; and Carlson Media Group:*

Dennis Francis McCrosson, III
dmccross@mccrossonlaw.com
McCROSSON & ASSOCIATES
6249 U.S. Highway 31 South, Suite A
Indianapolis, IN  46227

Kyle B. Osting
kbosting@bakerd.com
BAKER & DANIELS – Ft. Wayne
111 E. Wayne Street, Suite 800
Ft. Wayne, IN  46802

Kevin Morris Toner
kevin.toner@bakerd.com
BAKER & DANIELS – Indianapolis
300 N. Meridian, Suite 2700
Indianapolis, IN  46204

_Counsel for Defendant,Geoffrey A. Vanderpal_:

Vincent P. Antaki
vantaki@reminger.com
REMINGER & REMINGER CO LPA
525 Vine Street, Suite 1700
Cincinnati, OH  45202

/s/Judy L. Woods
Judy L. Woods

1504704_1/21325_2