UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, <br>     *Plaintiff*, <br><br> vs. <br><br> GERMAINE TOMLINSON INSURANCE TRUST, *et al.*, <br>     *Defendants*. | ) <br> ) <br> ) <br> )   1:08-cv-01747-SEB-JMS <br> ) <br> ) <br> ) <br> ) <br> ) |

### **ORDER**

Presently before the Court is the Motion to Compel that has been filed by the "Tomlinson Defendants" in this $15 million life insurance dispute. [Dkt. 136.] American General Life Insurance Company ("AGL") has argued on summary judgment that the policy at issue is in fact a "stranger-owned life insurance" ("STOLI") policy—in other words, one that essentially amounts to a pure wager on the death of another rather than a hedge against a risk of loss (or gain prevented) attendant to the death of the insured—and is thus void as an illegal contract, *see Hilliard v. Jacobs*, 874 N.E.2d 1060, 1063 (Ind. Ct. App. 2007) (collecting cases). Through their Motion to Compel, the Tomlinson Defendants seek to require AGL to answer nine interrogatories and to produce documents all about the extent to which AGL has previously issued any STOLI policies in the insurance marketplace. They want that evidence to use in opposing summary judgment; they hope to argue that AGL is estopped from invoking the illegality of STOLI policies "when it itself was complicit in the practice of creating" them in the marketplace. [Dkt. 137 at 11.].

AGL has entirely refused to provide any information or documents in response to the discovery. Among other reasons, it objected that all the discovery requests seek irrelevant

- 1 -

information, and that three of the requests in particular are unduly burdensome, both of which are legitimate grounds for resisting discovery, *see* Fed. R. Civ. Pro. 26(b)(1) and 26(b)(2)(C)(iii).

The Tomlinson Defendants characterize AGL's objections as boilerplate and thus waived, *see, e.g.* 7 Moore's Federal Practice—Civil § 34.13[2][b] (2010) (explaining that objections "must clearly set forth the specifics of the objection and how that objection relates to the [discovery] demanded" and that "[g]eneric, non-specific objections are improper" (footnotes omitted).

Assuming without deciding that AGL's relevance and burden objections were mere boilerplate (which the Court doubts in any event), many cases hold that the Court can "deny a motion to compel despite waiver of a party's discovery objections, if what is sought far exceeds the bounds of discovery." *Wilson v. Kautex*, 2008 U.S. Dist. LEXIS 3365, ** 13-14 n.4 (N.D. Ind. 2008) (collecting cases). *Accord* Fed. R. Civ. Pro. 26(b)(2)(C)(setting forth various grounds, including whenever the burden of the discovery exceeds its potential benefit, that require the court to preclude discovery, "[o]n motion or on its own"). And AGL argues in its Response that longstanding Indiana authority holds that equity won't rescue an illegal contract, thereby precluding any estoppel argument on the Tomlinson Defendants' part. [Dkt. 143 at 4 (citing, among others, *Kemery v. Zeigler*, 96 N.E. 950, 953 (Ind. 1912) ("A party can never be estopped by an act that is illegal and void. An equity cannot grow out of an illegal and void transaction." (quotation and alteration omitted)).] Inasmuch as the Tomlinson Defendants have been unable to provide any case, in this jurisdiction or others, questioning that longstanding rule—they filed no Reply for their Motion to Compel—and inasmuch as they recently filed a brief opposing AGL's summary judgment motion without including a Rule 56(f) affidavit indicating that they needed the estoppel discovery to properly respond, [*see* dkt. 157], the Court

can only interpret their actions as an acknowledgement of the continuing validity of that authority. Accordingly, the estoppel evidence, the subject of the Motion to Compel, is clearly irrelevant and is thus far beyond the bounds of acceptable discovery here.[1]

The Motion to Compel is **DENIED**.

06/08/2010

                                                 Jane Magnus-Stinson
                                                 United States Magistrate Judge
                                                 Southern District of Indiana

**Distribution via ECF only:**

Vincent P. Antaki
REMINGER & REMINGER CO LPA
vantaki@reminger.com

David P. Donahue
MAYNARD COOPER & GALE P.C.
ddonahue@maynardcooper.com

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com

Dennis Francis McCrosson III
MCCROSSON & ASSOCIATES
dmccross@mccrossonlaw.com

---

[1] Alternatively, the Court accepts the unrebutted showing of undue burden with respect to three of the discovery responses and denies the Motion to Compel with respect to them pursuant to Fed. R. Civ. Pro. 26(b)(2)(C)(iii). [*See* dkt. 147-1 ¶5 (estimating that providing the requested information would take approximately four million man-hours of work).] And the Court denies the Motion to Compel in its entirety because it appears that the Tomlinson Defendants have failed to undertake a meaningful meet-and-confer for the purposes of Local Rule 37.1. For example, the record reveals no evidence that they even considered narrowing the scope of the requested discovery to reduce the burden necessary to answer it.

Michael D. Mulvaney
MAYNARD COOPER & GALE P.C.
mmulvaney@maynardcooper.com

Kyle B. Osting
BAKER & DANIELS - FT. Wayne
kbosting@bakerd.com

Kevin Morris Toner
BAKER & DANIELS - Indianapolis
kevin.toner@bakerd.com

Judy L. Woods
BOSE MCKINNEY & EVANS, LLP
jwoods@boselaw.com